

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00136-CV

_____

JOE B. NEUHOFF and NANCY M. NEUHOFF;
THOMAS H. NEUHOFF and JUDY NEUHOFF;
ROBERT V. NEUHOFF and ANDREA D. NEUHOFF;
and BOCA VAIL, INC., APPELLANTS

V.

PIRANHA PARTNERS, RANDOLPH MUNDT and THOMAS H. OWEN, JR., Individually
and as partners of Piranha Partners, and CHARLES RAY OWEN, APPELLEES

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court No. 12,960-A; Honorable Steven R. Emmert, Presiding

September 20, 2016

ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

This appeal involves the proper construction of an assignment, effective October 1, 1999, and recorded at Volume 467, Page 698, of the Deed Records of Wheeler County, Texas (the "Assignment"), purporting to convey an oil, gas, and mineral interest from Neuhoff Oil & Gas Corporation to Piranha Partners (hereinafter "Piranha"). It is the

peculiarity of the description of the property or properties transferred that gives rise to this dispute. Appellants, Joe B. Neuhoff, Nancy M. Neuhoff, Thomas H. Neuhoff, Judy A. Neuhoff, Robert V. Neuhoff, Andrea D. Neuhoff, and Boca Vail, Inc. (hereinafter collectively "Neuhoffs") are the successors in interest to Neuhoff Oil & Gas Corporation. The Neuhoffs originally sued Piranha and others seeking, among other relief, a declaratory judgment that they owned all of a certain overriding royalty interest[1] (hereinafter "ORRI") accruing from an oil, gas, and mineral lease covering Section 28, Block A-3, H&GN Ry. Co. Survey, Wheeler County, Texas, save and except that portion of that ORRI assigned to Piranha by the assignment in question, which accrued from a specific well drilled on the Northwest Quarter (NW/4) of that section, to-wit: the Puryear No. 1-28 well. Piranha subsequently filed a counterclaim and cross-action for trespass to try title and for declaratory judgment, declaring Piranha to be the owner of the ORRI covering the entire section.[2]

On April 29, 2014, Piranha filed its *Motion for Partial Summary Judgment* requesting the trial court grant summary judgment in favor of Piranha on Neuhoffs' action to quiet title and for slander of title. Piranha further prayed that "Piranha is entitled to summary judgment as a matter of law on [Neuhoffs'] suit to quiet title and for slander of title and title to the Overriding Royalty Interest burdening the Puryear Lease (covering the full section) should be quieted in Piranha." On May 29, 2014, the

---

[1] An "overriding royalty interest" is an ownership interest expressed as a percentage of production or production reserves, free of the cost of production, created by the lessee, company, and/or working interest owner and paid by the lessee, company, and/or working interest owner out of the revenue from the well. *See Schlumberger, Oilfield Glossary,* found at http://www.glossary.oilfield.slb.com (last visited September 15, 2016).

[2] Piranha takes the position that the assignment in question conveyed all of Neuhoffs' ORRI in Section 28, Block A-3, H&GN Ry. Co. Survey, Wheeler County, Texas, to Piranha.

Neuhoffs filed their own *Motion for Partial Summary Judgment* requesting the trial court grant summary judgment declaring that they hold title to and own the ORRI as to "all oil and gas produced within Section 28, save and except that oil and gas in place in the NW/4 of Section 28, which is produced from the Puryear 1-28 Well." A hearing on the competing motions for partial summary judgment was heard, and on March 21, 2016, the trial court entered an order providing, in part, as follows:

> It is, therefore, ORDERED, ADJUDGED AND DECREED that the Piranha Defendants' Motion for Partial Summary Judgment is in all matters GRANTED.
>
> It is further ORDERED, ADJUDGED AND DECREED that The Neuhoff's [sic] Motion for Partial Summary Judgment Directed Against Piranha Partners, Its Partners and Charles R. Owen is in all matters DENIED.

In addition to the two paragraphs cited above, the order severed the remaining claims, counterclaims, and causes of action pertaining to other parties from the action in this case, presumably to make the summary judgment order a final, appealable order. All relief not expressly granted was denied.

A question concerning the finality of the judgment has arisen because the order being appealed does not declare anything other than that Piranha's partial motion for summary judgment is granted and Neuhoffs' partial motion for summary judgment is denied. The order is facially incomplete in that it requires extrinsic evidence to clarify, explain, or give meaning to its terms. Furthermore, it is unclear whether the trial court intended to merely deny Neuhoffs' action to quiet title or whether it intended to grant relief declaring the nature and extent of Piranha's title. Because we are uncertain as to the relief actually granted, we abate this appeal and remand this matter to the trial court for the entry of a judgment setting forth the intended ruling of the court. The trial court

should then cause the judgment entered to be included in a supplemental clerk's record to be filed in this cause on or before November 4, 2016.

It is so ordered.

Per Curiam